**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

UNITED STATES OF AMERICA,

:

    Plaintiff,                                                      Case No. 3:07-cr-81
                                                                              Also Case No. 3:13-cv-212

:         District Judge Walter Herbert Rice
    -vs-                                                         Magistrate Judge Michael R. Merz

DANIEL GARCIA-GUIA,

:

    Defendant.

---

**REPORT AND RECOMMENDATIONS**

---

This case is before the Court for initial screening of Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 933). Rule 4 of the Rules Governing § 2255 Motions provides in pertinent part:

> (b) The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Pursuant to the General Order of Assignment and Reference for the Dayton location of court, the has been referred to the undersigned Magistrate Judge for pretrial management, including initial screening under Rule 4(b).

- 1 -

Defendant pleads the following grounds for relief:

> **Ground One:** Petitioner argues that he was denied effective assistance of counsel (trial and appellant [sic]) as counsel permitted the district court to commit reversible error on the ground that the defendant's Rule 43 rights were violated, as the peremtury [sic] challenges were conducted in absence of the defendant/petitioner without a clear waiver of consent, as counsel (trial) never consulted Garcia-Guia about the peremptories [sic].
>
> **Supporting Facts:** Petitioner asserts that had he been given the opportunity to be present during the peremptory challenges he would have been able to provide suggestiveness as to each challenge, but without being consulted by his counsel about the peremptories and without the record providing a clear waiver of consent, petitioner becomes reasonable when he argues that injustice has been done due to the absence of the defendant and counsel's performance.
>
> **Ground Two:** Petitioner argues that he was denied effective assistance of trial and appellant [sic] counsel as trial counsel conducted the defendant's peremptory challenges under a psychosomatic illness, that appellant [sic] counsel failed to raise and argue on direct appeal.
>
> **Supporting Facts:** The fact that counsel conducted the peremptory challenges under a mental illness prejudicially effected the defendant/petitioner, as it is the jurors whom remain who become the created entity that decide the overall outcome of the charges, and the defendant's/petitioner's fate.
>
> **Ground Three:** Petitioner argues that he was denied effective assistance of counsel at trial and appellant [sic] counsel, as counsel failed to challenge and argue before and during trial and on direct appeal that the wiretap application was "FACIALLY INSUFFICIENT" under the statute governing the authorization of wiretaps, Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("Act") allowing communication to be unlawfully intercepted.
>
> **Supporting Facts:** The Attorney General of the United States, at the time that the Title III wiretap-application was submitted to the Department of Justice (D.O.J) was Attorney General Alberto Gonzalez, who resigned from office due to corruption allegations. For this reason, the authorization of the Title III wiretap application

was "Facially Insufficient" and has tainted the entire authorization process as the corruption contaminates Attorney General Alberto Gonzalez's entire cabinet, creating "communication to be unlawfully intercepted."

**Ground Four:** Petitioner argues that trial and appellant [sic] counsel were ineffective for not requesting for [sic]a mistrial, and for not recognizing and arguing the mistrial issue on direct appeal.

**Supporting Facts:** Before trial the defendant/petitioner moved to suppress the contents of the Dayton Wiretap, as the Dayton Wiretap was not timely sealed upon the expiration of the order permitting the recordings. Petitioner argues that there was no reason, strategically or tactical, for Mr. McKinney not to request for a mistrial when government witness testimony continued to reveal, in front of the jury, information that came from the untimely sealed wiretap, that the government pledged to the court that it would not use.

**Ground Five:** Petitioner argues that trial counsel was ineffective for failing to investigate and interview those individuals who were arrested for the "sham" cocaine operation, and the deportation of these individuals. Appellant counsel was ineffective for not arguing this issue on direct appeal.

**Supporting Facts:** Trial counsel was ineffective in two related ways. First, by failing to conduct a reasonable investigation into Juan Garcia-Guia, Nicholas Guia, and Mauricio Garcia-Garcia; and secondly, by failing to call these individuals as defense witnesses, as those arrested would have revealed that Daniel Garcia-Guia was not the intended recipient of the "SHAM" cocaine. Appellant counsel was ineffective for failing to identify the issue and arguing it on direct appeal, as it is clearly stronger than those issues that counsel did raise on direct appeal.

(Motion, Doc. No. 933, PageID 5907-5911, 5917.)

**Statute of Limitations**

28 U.S.C. §2255(f) provides a one year period of limitation to § 2255 motions, commencing on the date "the judgment of conviction becomes final." A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing § 2254 Cases or the cognate Rule 4 of the Rules Governing § 2255 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

In ¶ 18 of the Motion, Garcia-Guia argues that his filing is timely. He recognizes the general rule that a judgment of conviction which has been affirmed on appeal becomes final when the time for filing a petition for writ of certiorari in the United States Supreme Court has expired without such a filing. *Clay v. United States,* 537 U.S. 522 (2003). He calculates the ninety days as running from the date this Court filed an Entry Complying with the Mandate (Doc. No. 918)(Motion, Doc. No. 933, PageID 5915).

However, Garcia-Guia is mistaken. The Court of Appeals judgment in this case was entered March 20, 2012 (Doc. No. 916). Supreme Court Rule 13 provides in pertinent part "[t]he time to file a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." Garcia-Guia's time to file for a writ of certiorari thus expired June 18, 2012, and the statute of limitations began to run on that date. Garcia-Guia avers that he executed the Motion June 25, 2013, and presumably placed it in the hands of prison authorities for mailing on that date (Motion, Doc. No. 933, PageID 5915-5916). Under the mailbox rule, that is deemed the date of filing. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Garcia-Guia's filing

was one week late and is therefore barred by the statute of limitations.

## Conclusion

Based on the foregoing analysis, it is respectfully recommended that the Motion be dismissed with prejudice as time-barred. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify that an appeal would not be taken in objective good faith.

July 1, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).